UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SLB ENTERPRISE RICO LITIGATION                           MDL No. 2899


ORDER DENYING TRANSFER


**Before the Panel**: Plaintiff in one action (*ASI*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Iowa. This litigation consists of six actions pending in two districts, as listed on Schedule A. Plaintiffs in all actions support centralization in the Southern District of Iowa. All responding defendants support, or do not oppose, centralization, but request the Central District of California or, alternatively, the District of New Jersey.[1]

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The actions unquestionably involve nearly identical factual allegations that affiliated toy companies based largely in Hong Kong and California, doing business under the names SLB Toys, Manley Toy Direct, Toy Quest, and other alleged shell companies (together, the SLB companies) are engaged in a common scheme to evade court judgments. But where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movant has failed to do so here.

There are only six actions in this litigation pending in two districts. Moreover, all five actions in the Southern District of Iowa action are assigned to the same judge. Thus, as a practical matter, there are only two sets of pretrial proceedings to coordinate. Such coordination should be aided by the fact that plaintiffs are represented by the same counsel in all actions. Additionally, the number of involved defense counsel appears to be limited. Although plaintiffs have named a total of 19 defendants in their nearly identical complaints, the four defendants appearing in the Panel proceedings are represented by two counsel, and the underlying dockets indicate that only one additional firm is representing six recently served defendants.[2]

Moreover, there appear to be other alternatives to centralization. For example, plaintiffs

---

[1] The responding defendants are Aquawood, LLC; Dollar Empire, LLC; Brian Dubinsky; and Peter Magalhaes. At oral argument, their counsel stated that additional defendants recently were served with the complaints, bringing the total number of served defendants to 14, and he was authorized to tell the Panel that they all support centralization in the Central District of California.

[2] *See, e.g.,* Defs.' Mot. for Extension of Time To Answer or Otherwise Plead in *Rennenger v. Aquawood, LLC*, C.A. No. 19-0123, Doc. 38 (S.D. Iowa July 22, 2019).

-2-

could seek Section 1404 transfer of the District of Minnesota action to the Southern District of Iowa where all other actions on the motion are pending.[3] Although the responding defendants prefer another district at this time, a reasonable prospect still exists that the multidistrict character of this litigation may be eliminated without resort to centralization.[4] Alternatively, the parties could agree to stay discovery in the later-filed Iowa actions under the first-to-file rule.[5]

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

---

[3] *See In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) ("where a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization"). Because Section 1404(a) transfer is for all purposes, including trial, such transfer can result in a more streamlined action, without the procedural necessity of remand to the transferor court required under Section 1407. *See id.*

[4] Even though a defendant may oppose Section 1404 transfer, denial of centralization may be warranted where few districts are involved. *See In re: Athena Universal Life II Cost of Ins. Increase Litig.*, 268 F. Supp. 3d 1354, 1356 (J.P.M.L. 2017).

[5] *See, e.g., Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) ("courts follow a 'first to file' rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"); *CruiseCompete, LLC v. Smolinski & Associates, Inc.*, 859 F. Supp. 2d 999, 1014 (S.D. Iowa 2012) ("the 'first-filed rule' generally grants district court judges the discretion to dismiss or stay an action when a previously-filed concurrent action is pending in another judicial district").

**IN RE: SLB ENTERPRISE RICO LITIGATION**                          MDL No. 2899

## SCHEDULE A

<u>Southern District of Iowa</u>

RENNENGER v. AQUAWOOD, LLC, ET AL., C.A. No. 4:19-00123
ROUSH v. AQUAWOOD, LLC, ET AL., C.A. No. 4:19-00131
DRAKE v. AQUAWOOD, LLC, ET AL., C.A. No. 4:19-00132
MILLER v. AQUAWOOD, LLC, ET AL., C.A. No. 4:19-00134
ACKELSON v. AQUAWOOD, LLC, ET AL., C.A. No. 4:19-00135

<u>District of Minnesota</u>

ASI, INC. v. AQUAWOOD, LLC, ET AL., C.A. No. 0:19-00763